Bradley County Road Improvement Districts Nos. 1 and 2 v. Jarratt.

Opinion delivered May 24, 1920.

1. Highways—preliminary surveys.—Road Laws, 1919, vol. 1, No. 237, § 5, providing that boards of commissioners of highway districts "may" make application to the highway department for preliminary surveys, plans and estimates, and that the department "may" make such plans and estimates, is not mandatory, and hence where the department is unable to furnish the plans and estimates, a board of commissioners is authorized to employ an engineer to make such preliminary surveys, plans and estimates.

2. Appeal and error—questions not developed.—Questions not developed by the evidence nor passed upon by the chancellor will not be determined upon appeal.

Appeal from Bradley Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*J. R. Wilson,* for appellants.

All the attacks by appellee on the various provisions of act 237 are without merit and the act ought to be held valid and the decree should be reversed and the injunction dissolved. 15 R. C. L. 523-4; 16 L. R. A. 737; 17 Ore. 640; 5 L. R. A. 115; 120 Ark. 277; 36 Cyc. 1102.

*J. C. Clary* and *B. L. Herring,* for appellees.

The court properly granted the injunction. The method of dealing by public functionaries and the ruthless squandering of public tax money without regard to the actual and reasonable cost of the proposed employment is against the law of this State and all principles of equity for the reasons the chancellor stated and that

H. R. Carter's contract was void as a fraud upon the people of the districts. The decree should be affirmed.

*W. C. Smedley,* for appellee Tatum.

The act, No. 237, is void, because it repeals the long established rules of chancery practice requiring an attorney or guardian *ad litem* for nonresidents and minors. The act gives the commissioners unlimited powers and made their office perpetual; there is no provision for reimbursement to property owners for damages for property taken and no provision to protect taxpayers against contracts being let for construction work or anything else, and the commissioners are not required to report to any court or other tribunal and the public has no protection against unlawful contracts or expenditures of money and is against public policy. The act is unconstitutional and void, as it is confiscatory, and the contract with Carter was void. Art. 2, § 8, Const., Ark., and art. 14, Const., U. S. The decree is correct and should be affirmed. 80 Ark. 145.

HUMPHREYS, J. Appellees, E. A. Jarratt *et al.,* property owners in Bradley County Road Improvement Districts Nos. 1 and 2, instituted suit against appellants in the Bradley Chancery Court to restrain them from making a preliminary survey of the roads proposed to be constructed in said districts, created by act No. 237 of the Legislature of 1919, and to cancel contracts entered into between the boards of commissioners of said road improvement districts with H. R. Carter, an engineer, to do all the engineering work connected with the improvements to be made and supervision of the construction thereof, at his own expense, for a compensation equal to five per cent. of the cost of construction not exceeding one million dollars and four per cent. in excess of one million dollars, one-half of the compensation to be paid when the plans, specifications and estimates of cost of the improvements are completed, and the balance in installments as the work progresses. The validity of

the contracts was attacked on the grounds, first, that they embraced the cost of the preliminary surveys, plans and estimates of cost of the improvements, which, under the act aforesaid, were to be made and prepared for said districts by the Highway Department of Arkansas, free of charge; and, second, that the contracts were procured by taking advantage of the ignorance of the commissioners as to the meaning and terms of the act creating the districts and are arbitrary, unjust and inequitable.

Appellant, H. R. Carter, filed answer, admitting that he entered into the alleged contracts with said Bradley County Road Improvement Districts, but denying that the boards of commissioners of said districts were without authority to embrace in the contracts the charge for preliminary surveys, plans and estimates of the cost of improvements, and that the contracts were procured through a lack of knowledge on the part of the commissioners as to the meaning of the act creating the districts or that they are arbitrary, unjust and inequitable.

Appellee J. T. Tatum, alleged owner of real estate in said districts, also entered suit in said court to enjoin appellants from making a preliminary survey, plans and estimate of the cost of the contemplated improvements in said district, upon the same grounds alleged in the bill of appellees E. A. Jarratt *et al.*, and the further ground of the alleged invalidity of practically every section of act No. 237 aforesaid, creating Bradley County Road Improvements Districts Nos. 1 and 2.

Appellant H. R. Carter filed answer to the petition of appellee J. T. Tatum, specifically denying every allegation assailing the validity of his contracts with said improvement districts and the act of the Legislature creating them.

The testimony in the two cases was the same and disclosed that, after the passage of act No. 237, creating the districts, the commissioners of each met in the office of the State Highway Commissioner and perfected an organization; that the commissioners thereupon made personal requests of the State Highway Department to

have preliminary surveys made of the roads to be made under said act No. 237, which requests were refused by the State Highway Commissioner for the reason that no funds were available for that purpose; that the appropriations were insufficient to cover preliminary surveys, plans and estimates for proposed districts under the Alexander road law, which required preliminary surveys, plans and estimates of costs as prerequisites to the organization of proposed road districts; that only $20,000 had been appropriated for the purpose of making preliminary surveys by the State Highway Department; that the general and special sessions of the Legislature of 1919 provided that 9,600 miles of roads in the State should be improved; that a preliminary survey thereof would have cost $8 per mile and a final survey to ascertain the yardage of the road would have cost from $100 to $125 per mile; that the boards of commissioners of Bradley County Road Improvement Districts were informed by the State Highway Department that they would have to employ an engineer any way, and he could make the survey under the direction of the State Highway Department and file the surveys, plans and specifications with it for approval; that the course suggested was adopted; that three engineers made talks before the boards and applied for the position of engineer of each district, one of whom was H. R. Carter; that Carter did not tell the commissioners they would have to employ him, or use words to that effect; that, later, H. R. Carter was employed as engineer, and entered into written contracts with the commissioners for engineering services, including preliminary, as well as final, surveys, plans and specifications for the improvements and supervision of the construction thereof, for a fee of five per cent. on the cost of said improvements up to one million dollars and four per cent. in excess thereof.

The causes were submitted to the court upon the pleadings, testimony of the several witnesses, in substance detailed above, the written contracts of employment and a certified copy of act No. 237 aforesaid, from

which the court found that it was the purpose and intent of section 5 of said act No. 237 to absolve the property in said districts from the cost of preliminary surveys, plans and specifications, and to place that burden absolutely upon the State Highway Department as a condition precedent to proceeding with the improvements. In accordance with this finding, the court rendered decrees against appellants, permanently enjoining them from making the preliminary surveys, plans and estimates as a charge against the land situated in said districts, and from proceeding with the improvements at all until such time as the State Highway Department shall make the preliminary surveys, plans and estimates of cost of more than one type of surface roads and transmit them to the commissioners of said districts. By consent of all parties, both causes were consolidated for the purposes of appeal, and an appeal from the decrees has been duly prosecuted to this court.

It is insisted by appellants that the court erred in interpreting sections 5 and 6 of said act No. 237 as mandatory upon the State Highway Department to make the preliminary surveys, plans and estimates of cost of improvements to be made in said districts free of charge against the lands thereof as a condition precedent to proceeding with the improvements. The requirement in section 5 of said act for the board of commissioners in each district, after qualification, to apply to the State Highway Department for preliminary surveys, plans and estimates of cost of the proposed improvements is clearly mandatory, but it is just as clear, from the language used in said section 5, when read in connection with the other sections of the act, that the duty imposed upon the State Highway Department to make the preliminary surveys, plans and estimates of the cost of the improvement at the expense of the State was a sound discretionary one, dependent upon the conditions, facilities, etc. In this respect, the section reads: "And the State Highway Department may make such plans and estimates on more than one type of surface for the roads,

together with any recommendations that they may see fit to make." Had the intention been to compel or force the State Highway Department to make the preliminary surveys, plans and estimates, the Legislature could have easily employed the word "shall" in this connection, as it did in the first clause of the section, in relation to the application to said department for such surveys. The use of "shall" for "may" would not have been absolutely controlling as to the intent, but, in the connection used, would have been indicative of it. While the word "may" is frequently used in an imperative or mandatory sense, ordinarily its employment in statutes imports permission, possibility, ability, etc. 26 Cyc. 1590. Had the intention been to employ the word "may" in its imperative or mandatory sense in said section 5, the Legislature would certainly have imposed the duty upon the commissioners to adopt one of the preliminary surveys and plans furnished by said department. The section of the act immediately following made it optional with the commissioners whether they would accept the preliminary plans of said department, or some other plan. Again, the intention, in the use of the word "may" in said section 5, as imposing discretionary power only on the State Highway Department to make preliminary surveys, plans and estimates, is indicated in the broad mandatory powers conferred on the commissioners of the districts by sections 3 and 7 of said act. Section 3 provides:

"It shall be the duty of the respective boards of commissioners to make the improvements in their respective districts as herein authorized, as expeditiously and economically as possible, and they shall have all the necessary powers to accomplish this purpose."

Section 7 provides: "For the purpose of assisting them in the preparation of plans for the improvement in said districts, the commissioners of each of said districts may employ such persons as they see fit, including an engineer, and fix their compensation * * *."

It is apparent, from a reading of these two sections in connection with section 5 of said act, that the inten-

tion of the Legislature was that the commissioners should make the same as expeditiously and economically as possible, with the aid of preliminary surveys, plans and estimates of the State Highway Department, if the conditions as to finances, etc., warranted the department in making them, but, if unable to procure them from the department upon request, then to employ an engineer to assist them in the preparation of the plans and completion of the improvements. No other interpretation of section 5 of said act would give effect to the other provisions of the act and the accomplishment of the improvements intended by the Legislature. The undisputed proof is to the effect that the commissioners requested the State Highway Department to make the preliminary surveys and that the request was denied for the reason that no funds were available for that purpose.

The appellees contend that the decrees of injunction should be upheld because the engineering contracts were entered into without the exercise of discretion on the part of the commissioners and in ignorance by them of the provisions of the law, and for the further reason that the contracts are arbitrary, unjust and inequitable. The interpretation placed upon the act by the commissioners, as empowering them to make a contract with an engineer for preliminary surveys, plans and specifications, when unable to procure them from the State Highway Department for a good reason, was correct. The reasonableness or unreasonableness of the amount of the fee agreed upon for engineering services was not fully developed by the evidence nor passed upon by the court, so we refrain from expressing an opinion as to whether exorbitant, unjust or inequitable.

A number of other questions are raised and argued by appellees in support of the injunction decrees, but they were not developed by the evidence or passed upon by the chancellor. The gist of the evidence and the decrees of the court were restricted to the proposition of whether the commissioners had authority under the act to employ an engineer to make preliminary surveys,

plans and estimates of cost of the improvements. Many of the questions raised have been settled adversely to the contentions of appellees in recent opinions written by this court. The other questions not having been developed or passed upon by the chancellor, a decision of them at this time is pretermitted.

For the error indicated, the decrees of injunction are reversed and the causes remanded with directions to dissolve the writs and for such further proceedings as may be desired, not inconsistent with this opinion.